UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                                                      CHAPTER 13

    Michael Jason Woods                   BANKRUPTCY NO. 17-10682
    Jennifer D. Woods
    Debtors

**AGREED ORDER RESOLVING
CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE N.A.'S
COMBINED MOTION FOR ORDER GRANTING RELIEF
FROM AUTOMATIC STAY AND ABANDONMENT**

Movant, Capital One Auto Finance, a Division of Capital One N.A. (hereinafter "Creditor"), and Michael Jason Woods and Jennifer D. Woods (hereinafter referred to as "Debtors"), by and through the undersigned counsel, having resolved the Combined Motion for Order Granting Relief from Automatic Stay and Abandonment previously filed herein by Creditor, and the Court being otherwise sufficiently advised,

IT IS HEREBY AGREED, ORDERED, STIPULATED AND ADJUDGED AS FOLLOWS:

1.    The Creditor has a valid, perfected, and enforceable security interest in the following described collateral: 2013 Kia Optima VIN: 5XXGM4A7XDG169887.

2.    The amounts Debtors owe to Creditor are identified in Creditor's Proof of Claim previously filed herein.

3.    The amounts Debtor owes to the Creditor are to be paid under the provisions of the Chapter 13 Plan, but there was a default on the payments at the time Creditor filed its Combined Motion for Order Granting Relief from Automatic Stay and Abandonment. Payments to Creditor by the Debtors are: Direct.

4. The parties agree that to the extent any part of the amount due Creditor is to be paid by the Chapter 13 Trustee, the Trustee's website records and/or testimony shall be the exclusive evidence regarding Debtors' default to the Trustee, as well as the exclusive evidence regarding the date, time and/or amount of disbursement(s) to Creditor.

5. Beginning with the November 10, 2017 payment, the Debtors shall be given a 10 calendar day grace period during which to cure any default that occurs in the future. If the default is not cured by the expiration of the 10 calendar day grace period, it is hereby agreed, and so ordered as follows: The Creditor may file a Certificate of Non-Compliance. The filing of the Certificate of Non-Compliance will result in the immediate termination of the automatic stay without further order of the Court.

6. It is further agreed that should the Debtors fail to provide and maintain in full force and effect insurance on the Creditor's security during the pendency of the repayment of the debt(s) owed to Creditor, showing Creditor as loss payee, and subject to any other requirements or restrictions set forth in the contract(s) between the parties or other Orders of this Court, then: The Creditor may file a Notice of Default. Debtors shall then have a 10 day calendar grace period from the date that Notice of Default is filed with the Court to provide proof of continuous insurance coverage with no lapse in coverage as that coverage is defined in this paragraph, above. Failure to provide proof of such continuous coverage within the 10 calendar day grace period will result in the immediate termination of the automatic stay without further order of the Court upon Creditor filing Notice of Noncompliance.

7. Creditor is awarded attorney fees of $250.00 and costs of $181.00. Attorney fees and costs shall be paid by the Trustee as an administrative expense.

8.  Arrears.  As of the date the Combined Motion for Order Granting Relief from Stay and Abandonment was filed, the post-petition arrearage owed by Debtor to the Creditor was $1,037.85.  Debtors have since brought the account with Creditor current.

9.  Upon the termination of the §362 automatic stay by the Court, by statute, law or by operation of any provision herein, Debtors shall immediately surrender Creditor's security to the Creditor to its authorized agent. Upon any failure to so surrender, Creditor is entitled to pursue its remedies under state or federal law or regulation to recover the property.  Further, Creditor shall have and Trustee shall pay any remaining balance on Creditor's allowed secured claim not satisfied by the liquidation of Creditor's security.  Creditor may file its amended claim for this amount within a reasonable time after the disposition of its security.

10.  If any grace period referenced in this Agreed Order falls on a Saturday, Sunday or legal holiday (as that term is defined at Bankruptcy Rule 9006 (a) ), then the Debtors shall have until the next business day following that day to take the action proscribed in this Agreed Order.

11.  A default shall not be deemed cured unless funds sufficient to pay all past due payments, interest, late charges and any other fees or charges authorized by the contract(s) between the Debtors and Creditor (including, but not limited to attorney fees and costs, where applicable), have been received by Creditor before the expiration of any grace period.  The undersigned counsel, nor anyone in counsel's firm, shall be considered Creditor's agent for receipt of the funds necessary to affect a cure nor any other payments on the debt(s) owed to Creditor by Debtors.  Any payment(s) to the undersigned counsel or counsel's firm shall be ineffective as a cure under this agreement, or satisfaction of the contractual monthly payment, unless agreed to, in writing, in advance of the payment of any such amount(s).  Said writing must be signed by Debtors, or their counsel, AND Creditor's counsel to be effective.

12. In the event that there is a Co-Debtor on the debt(s) covered by this agreement, that is protected under that stay found at 11 U.S.C. §1301, then a default under this agreement that is not properly or timely cured shall also act as a termination of that Co-Debtor stay without further notice to any such Co-Debtor.

13. The parties agree and acknowledge that the terms of this agreed order will not survive the closure, termination, dismissal or conversion of the Debtors' bankruptcy case.

14. The terms of this agreement resolve the basis of Creditor's Motion for Relief/Terminate the Automatic Stay and are within the scope of said Motion. That Motion afforded reasonable notice of the material provisions of this agreement, provided the parties receiving said Motion an opportunity to request a hearing and object, so further notice is not required.

THIS ORDER TENDERED BY:

**Reimer Law Co**.


By: /s/ Elizabeth A. McHargue
Elizabeth A. McHargue (#92134)
Counsel for Creditor
9300 Shelbyville Road, Suite 1000
Louisville, KY 40222
502-638-4961
502-992-1210 – fax
Reimer.ecf@reimerlaw.com


HAVE SEEN AND AGREED:


/s/ Robert E. Harrison, *per email authority of 11/21/2017*
Counsel for Debtors
Robert E. Harrison
205 West Main Street
P.O. Box 475
Scottsville, KY  42164
270-237-4522
hg@nctc.com


/s/ Charles Sydenstricker, *per email authority of 11/22/2017*
Trustee
William W. Lawrence
310 Republic Plaza
200 S. Seventh Street
Louisville, KY  40202
502-581-9042